UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

S.C.N.,

Petitioner,

v.

MARKWAYNE MULLIN, ROBERT F. KENNEDY, JR, ANGIE SALAZAR, and MARVENA TWIGG,

Respondents.

CAUSE NO. 2:26-CV-482-GSL-JEM

ORDER TO SHOW CAUSE

S.C.N., by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging she is unlawfully confined in violation of the laws or Constitution of the United States. According to the petition, S.C.N. is a 12-year-old Haitian citizen who entered the United States in June 2026 and was deemed a minor unaccompanied by an adult when she was apprehended by immigration authorities. She was placed in the custody of the Office of Refugee Resettlement (ORR). S.C.N. says she is currently detained in foster care in Lake County, Indiana, under a contract with the National Youth Advocate Program.

S.C.N. alleges that upon her arrival at the shelter, her mother, who was living in the United States, began the process to sponsor her and have her released into her custody. The petition alleges that S.C.N.'s mother has fully complied with the vetting process and has completed all required steps, including proof of income and address, U.S.-issued identification documents, fingerprinting, a home study, background checks,

and submission of all application paperwork. Nevertheless, S.C.N. remains detained after nearly three months due, she alleges, to a series of administrative failures by O.R.R., which have resulted in the failure to schedule DNA testing, the failure to process S.C.N.'s mother's fingerprints, and the failure to complete the report about the already-conducted home study. Her continued detention, she argues, is in violation of the statutes, regulations, and settlement agreement governing the care and custody of unaccompanied immigrant minors. *See* 6 U.S.C § 279; 8 U.S.C. § 1232; 45 C.F.R. § 410 et seq. She also argues her continued detention violates the Due Process Clause of the Fifth Amendment and the Administrative Procedures Act, 5 U.S.C. § 706(2).

Upon review of the petition, the court finds that the petitioner has raised sufficient issues to require a response from the government. She asks the court to order a response within three days, as specified in 28 U.S.C. § 2243. Section 2243 is not controlling, however, as it has been superseded by the Rules Governing 2254 Cases, which also applies to habeas corpus petitions filed under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts; *see also Bleitner v. Welborn*, 15 F.3d 652, 653–54 (7th Cir. 1994) (discussing how Rule 4's grant of discretion to district judges to set deadlines supersedes the deadlines in § 2243). Nevertheless, a short deadline is warranted given the pressing nature of today's claims.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the

United States; (c) the Secretary of the United States Department of Homeland Security at the Office of General Counsel; (d) the Secretary of the United States Department of Health and Human Services at the Office of General Counsel; (e) the Acting Director of the Office of Refugee Resettlement at the Office of General Counsel, and (f) the President of the National Youth Advocate Program, Indiana;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to the United States Attorney for the Northern District of Indiana;

(3) ORDERS the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries;

(4) ORDERS respondents to answer the petition by **October 23, 2026**; and

(5) GRANTS the petitioners until **October 30, 2026**, to file a reply in support of their petition.

SO ORDERED on October 7, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT